**L. M. ORCHARD, M. R. Orchard and Donald L. Orchard, doing business as Orchard Auto Parts Co., Appellants,**

v.

**AGRICULTURAL INSURANCE COMPANY OF WATERTOWN, NEW YORK, a corporation, Appellee.**

**No. 19379.**

United States Court of Appeals Ninth Circuit.

Jan. 25, 1965.

---

Bert W. Levit, Victor B. Levit, Francis Willmarth, San Francisco, Cal., Thomas E. Brownhill, Riddlesbarger, Pederson, Brownhill & Ingerson, Eugene, Or., for appellants.

Roland F. Banks, Jr., Mautz, Souther, Spaulding, Kinsey, & Williamson, Portland, Or., for appellee.

Before HAMLEY, HAMLIN and KOELSCH, Circuit Judges.

PER CURIAM.

Agricultural Insurance Company issued to L. M. Orchard and others, doing business as Orchard Auto Parts Co., a policy of liability insurance. Thereafter two lawsuits were filed against Orchard and others in which damages were sought arising out of an accident which occurred while the policy was in force. The accident was caused by a rear-axle wheel bearing which Orchard had sold and delivered to an automobile mechanic and which the latter installed on one of the vehicles involved in the accident. The wheel bearing was sound but was for a 1955–56 Chevrolet, when in fact a wheel bearing for a 1957 Chevrolet had been required and ordered from Orchard.

Invoking its policy of liability insurance, Orchard tendered the defense of these lawsuits to the insurance company. The latter declined to defend. It did so on the ground that the duty to defend and to pay damages for which Orchard might become legally obligated as a result of this accident was excluded by reason of an endorsement on the policy. This endorsement is entitled: "Endorsement Eliminating Coverage with Respect to Products and Completed Operations." In one of the two lawsuits arising from the accident, a judgment in the sum of twenty-five thousand dollars was thereafter rendered against Orchard.

Orchard then commenced this action against the insurance company for a judgment declaring that, under the policy of liability insurance, defendant was obligated to defend Orchard in the two lawsuits, is obligated to reimburse Orchard for sums expended by Orchard in defense of those suits, and is obligated to pay damages for which Orchard becomes legally obligated to pay as a result of the accident. Orchard also sought recovery of sums already expended in defense of the damage suits. Jurisdiction in the district court rests upon diversity of citizenship. At the time this action was filed the second damage lawsuit was still pending.

The district court, granting the insurance company's motion to dismiss, entered judgment dismissing the action. Orchard appeals.

Orchard argues that the district court misconstrued the endorsement eliminating certain coverage and that properly construed, the endorsement does not eliminate the coverage Orchard here invokes. Plaintiff also contends that the action should not have been dismissed on motion, because, at the very least, the endorsement is ambiguous and extrinsic evidence would be admissible to assist the court in resolving the ambiguity.

We agree with the district court for the reasons stated in its opinion, Orchard v. Agricultural Insurance Co., D.C., 228 F.Supp. 564, that the endorsement, read as a whole is not ambiguous, and that it eliminates the coverage for which Orchard contends. The policy provisions in question are quoted in the district court's opinion. See also, Tidewater As-

**950**

sociated Oil Co. v. Northwest Casualty Co., 9 Cir., 264 F.2d 879, involving a generally similar exclusion of product liability endorsement, and in which this court rejected contentions much like some of those Orchard makes here.

Affirmed.